IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEVIN JACOB HAHN,**

    Plaintiff,

v.                                                               Civil Action No. **3:25CV508**

**SERGEANT WELLS,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

The plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In his current complaint, the plaintiff does not identify the constitutional right that was violated by the defendants' conduct. The plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Accordingly, by Memorandum Order entered on October 29, 2025, the Court directed the plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. The Court warned the plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the October 29, 2025 Memorandum Order. The plaintiff failed to submit a particularized complaint or otherwise

respond to the October 29, 2025 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 12/10/25
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge